# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS LOVETTE | : | CIVIL ACTION |
| v. | : | NO. 10-1099 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                           DECEMBER 23, 2010

        Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response (Doc. No. 11), and plaintiff's reply (Doc. No. 13), the court makes the following findings and conclusions:

        1.      On December 5, 2006, Thomas Lovette ("Lovette"), filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of November 1, 2006. (Tr. 87-89). Throughout the administrative process, including an administrative hearing held on September 5, 2008 before an ALJ, Lovette's claims were denied. (Tr. 13-19; 20-53; 58-62). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Lovette filed his complaint in this court on March 17, 2010. (Tr. 1-5; Doc. No. 3).

        2.      In his February 4, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Lovette had severe gastroesophageal reflux disease, peptic ulcer disease, migraine headaches, low back pain, adjustment disorder with depressed mood, and cannabis abuse; (2) his impairments did not meet or equal a listing; (3) he had the residual functional capacity ("RFC") to perform light work requiring only simple job instructions and one and two step tasks; (4) Lovette could perform work existing in significant numbers in the national economy; and (5) he was not disabled. (Tr. 13 ¶ 4; 15 Finding 2; 16 Finding 3; 17 Finding 4; 18 Finding 9; 19 Finding 10; 19 ¶ 3).[1]

        3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

    4.  Lovette contends, *inter alia,* that the ALJ erred by failing to properly discuss the evidence of mental impairments from his treating physicians. After reviewing the parties' briefs and the record, I agree. Therefore, as more fully delineated below, this case must be remanded to the ALJ for further consideration.

    In determining Lovette's mental limitations in his decision, the ALJ noted a May 10, 2007 psychological examination by a consultative psychologist; a mental RFC assessment from the Disability Determination Service psychological consultant, and an examination report from a social worker associated with the Consortium where Lovette was being treated for his mental impairments. (Tr. 15 ¶ 4; 16 ¶¶ 1& 3; 18 ¶ 1; 152-57; 175-77; 211-19). Oddly, while the ALJ did note the Consortium social worker's assessment, he did not note the assessments of his treating psychologists at the Consortium[2] (one of which was included as the second half of the form filled out by the social worker), various GAF scores from 40 to 42 (indicating, *inter alia*, serious symptoms), and additional diagnoses of panic disorder with agoraphobia and post traumatic stress disorder. (Tr. 220-25; 227-32; 253).

    A remand may be necessary "where relevant, probative and available evidence was not explicitly weighed" by the ALJ and the ALJ must always "provide some explanation for a rejection of probative evidence which would suggest a contrary disposition." Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted); Adorno, 40 F.3d at 48; see also Burnett v. Comm. of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). Moreover, an "ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." Adorno, 40 F.3d at 48.

    The ALJ failed to explicitly note and weigh the reports, GAF scores, and diagnoses from Lovette's treating psychologists, some of which suggest a disposition contrary to that made by the ALJ. Therefore, I conclude that this case must be remanded to the ALJ in order for him to re-assess the evidence regarding Lovette's mental impairments, explicitly reviewing the medical records thereof and giving adequate reasoning for his conclusions.

    An appropriate Order follows.

---

[2] This is especially odd given the deference associated with treating physicians. 20 C.F.R. § 416.927(d); SSR 96-2p; Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS LOVETTE | : | CIVIL ACTION |
| v. | : | NO. 10-1099 |
| MICHAEL J. ASTRUE, Commissioner of Social Security | : | |

# ORDER

AND NOW, this 23rd day of December, 2010, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response (Doc. No. 11), and plaintiff's reply (Doc. No. 13), and having found after careful and independent consideration of the record that it appears that the ALJ's decision is not supported by substantial evidence, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

*/s/ Lowell A. Reed, Jr.*
LOWELL A. REED, JR., Sr. J.